RUSS, AUGUST & KABAT
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Kent N. Shum (CA SBN 259189)
kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:   (310) 826-6991

*Attorneys for Plaintiff*
PROVEN NETWORKS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVEN NETWORKS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>EXTREME NETWORKS, INC.,<br><br>*Defendant*. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Proven Networks, LLC ("Plaintiff" or "Proven Networks") makes the following allegations against Defendant Extreme Networks, Inc. ("Defendant"):

## INTRODUCTION

1. This complaint arises from Defendant's unlawful infringement of the following United States patents owned by Proven Networks, each of which generally relate to data networking technology: United States Patent Nos. 8,018,852 ("'852 Patent"); 8,165,024 ("'024 Patent"); and 7,877,786 ("'786 Patent") (collectively, the "Asserted Patents").

2. The management and optimization of data flow in networking systems is essential in modern society. Not only do computers, smartphones, and home automation devices operating via the Internet generate data traffic, but basic technology such as voice services and file transfers do as well. The enormous increase in multimedia content, such as videos, has greatly increased data traffic without proportional increases in data bandwidth. One problem caused by the large consumption of high-bandwidth multimedia content is that more important data, including relatively low-bandwidth services such as voice services and data transfers (e.g., financial data), can suffer due to lack of bandwidth, resulting in dropped calls and incomplete file transfers. Optimization of data traffic in data networks has become even more important in order to navigate the bandwidth limitations. A related issue concerns protecting data networks from computer viruses residing on unauthorized devices by limiting access to the data network and implementing a security policy on the device.

3. Another modern trend is greater use of cloud based data services. One advantage is that companies can reduce their capital expenses by migrating their enterprise data to these data centers. However, data centers charge their enterprise customers by both the amount of data stored and the amount of data accessed—where the costs vary among different data storage providers

depending on bandwidth, storage demand, and even time of day. The ability to manage the storage of data based on parameters such as data size and storage duration, is essential to manage the associated cost.

4. The Asserted Patents originated from telecommunications and wireless networking research from Alcatel-Lucent. The inventors were keenly aware of the increase of high-bandwidth applications such as video, especially in wireless and mobile networks, and sought to develop technology to maintain acceptable performance for as many users, for as long as possible, under varying and adverse data traffic conditions. The inventors also sought to protect the data network by isolating devices connecting to the network that were not in compliance with the network's security policy. Further, the inventors sought to managing the costs associated with the storage and access of such data in cloud based data services.

5. For example, the '852 Patent teaches methods to augment routing decisions in networking equipment by using techniques based on "equal cost" paths to optimize data traffic. The '024 Patent teaches the use of a "deep packet inspection" device, especially in wireless networks, to examine the characteristics of data packets passing through the network in order to provide classification data to the data packets for downstream application-specific processing. The '786 Patent teaches isolating a client device to a sub-network if it is detected to not be in compliance with the network's security policies.

## PARTIES

6. Plaintiff Proven Networks, LLC is a company organized under the laws of the State of California. Proven Networks is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

7. On information and belief, Defendant Extreme Networks, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 6480 Via Del Oro, San Jose, CA 95119.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

10. Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant is registered to do business in California, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents. Defendant has a regular and established place of business in the District, including corporate offices at 6480 Via Del Oro, San Jose, CA 95119.[1]

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 8,018,852

11. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

12. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,018,852, titled "Equal-Cost Source-Resolved Routing System and Method." The '852 Patent

---

[1] *See, e.g.*, https://www.extremenetworks.com/company/contact/.

was duly and legally issued by the United States Patent and Trademark Office on September 13, 2011. A true and correct copy of the '852 Patent is attached as Exhibit 1.

13. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as the Extreme XOS and network devices including Extreme XOS Operating System such as VSP 4900, X465 Series, VSP 7400, VSP 8600, VSP 8400 Series, VSP 8200 Series, VSP 7200 Series, VSP 4000 Series, X670-G2 Series, X590 Series, X870 Series, X770 Series, X690 Series, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–18 of the '852 Patent.

14. Defendant also knowingly and intentionally induces infringement of claims 1–18 of the '852 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '852 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '852 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '852 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '852 Patent, thereby specifically intending for and inducing its customers to infringe the '852 Patent through the customers' normal and customary use of the Accused Products.

15. The Accused Products satisfy all claim limitations of claims 1–18 of the '852 Patent. A claim chart comparing independent claim 1 of the '852 Patent to the representative Accused Product, Extreme XOS, is attached as Exhibit 2.

16. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '852 Patent pursuant to 35 U.S.C. § 271.

17. As a result of Defendant's infringement of the '852 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

18. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '852 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 8,165,024

19. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

20. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,165,024, titled "Use of DPI to Extract and Forward Application Characteristics." The '024 Patent was duly and legally issued by the United States Patent and Trademark Office on April 24, 2012. A true and correct copy of the '024 Patent is attached as Exhibit 3.

21. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as Extreme Application Analytics, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–25 of the '024 Patent.

22. Defendant also knowingly and intentionally induces infringement of claims 1–25 of the '024 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '024 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '024 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '024 Patent.

Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '024 Patent, thereby specifically intending for and inducing its customers to infringe the '024 Patent through the customers' normal and customary use of the Accused Products.

23. The Accused Products satisfy all claim limitations of claims 1–25 of the '024 Patent. A claim chart comparing independent claim 1 of the '024 Patent to the representative Accused Product, Extreme Application Analytics, is attached as Exhibit 4.

24. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '024 Patent pursuant to 35 U.S.C. § 271.

25. As a result of Defendant's infringement of the '024 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

26. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '024 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,877,786

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,877,786, titled "Method, Apparatus and Network Architecture for Enforcing Security Policies

Using an Isolated Subnet." The '786 Patent was duly and legally issued by the United States Patent and Trademark Office on January 25, 2011. A true and correct copy of the '786 Patent is attached as Exhibit 5.

29. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Products"), such as Extreme XOS and network devices including Extreme XOS Operating System such as Black Diamond Series, Summit Series, S/K Series, A/B/C/ Series, VSP 4900, X465 Series, VSP 7400, VSP 8600, VSP 8400 Series, VSP 8200 Series, VSP 7200 Series, VSP 4000 Series, X670-G2 Series, X590 Series, X870 Series, X770 Series, X690 Series executing Extreme XOS, that directly infringe, literally and/or under the doctrine of equivalents, claims 1–18 of the '786 Patent.

30. Defendant also knowingly and intentionally induces infringement of claims 1–18 of the '786 Patent in violation of 35 U.S.C. § 271(b). At least through the filing and service of this Complaint, Defendant has knowledge of the '786 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '786 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '786 Patent. Defendant does so knowing and intending that its customers and end users will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '786 Patent, thereby specifically intending for and inducing its customers to infringe the '786 Patent through the customers' normal and customary use of the Accused Products.

31. The Accused Products satisfy all claim limitations of claims 1–18 of the '786 Patent. A claim chart comparing independent claim 1 of the '786 Patent to the representative Accused Product, Extreme XOS, is attached as Exhibit 6.

32. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Plaintiff and is liable for infringement of the '786 Patent pursuant to 35 U.S.C. § 271.

33. As a result of Defendant's infringement of the '786 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

34. Defendant's infringing activities have injured and will continue to injure Plaintiff unless and until this Court enters an injunction prohibiting further infringement of the '786 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed, either literally and/or under the doctrine of equivalents, the '852 Patent, '024 Patent, and '786 Patent;

b. A permanent injunction prohibiting Defendant from further acts of infringement of '852 Patent, '024 Patent, and '786 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant' infringement of the '852 Patent, '024 Patent, and '786 Patent; and

d. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant; and

f.  Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 24, 2020                                   Respectfully submitted,

/s/ Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
Email: mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
Email: bledahl@raklaw.com
Benjamin T. Wang (CA SBN 228712)
Email: bwang@raklaw.com
Kent N. Shum (CA SBN 259189)
kshum@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474

**Attorneys for Plaintiff Proven Networks, LLC**